UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 5/10/21

KAREEM MARTIN,

               Movant,

    -against-

UNITED STATES OF AMERICA,

               Respondent.

21-CV-3268 (VB)
14-CR-0604-3 (VB)

ORDER TO AMEND

VINCENT L. BRICCETTI, United States District Judge:

Kareem Martin, currently incarcerated at U.S.P. Big Sandy in Kentucky, pleaded guilty

before this Court to two carjackings resulting in death, for which he was sentenced to prison

terms totaling 40 years.[1] *See United States v. Martin,* ECF 7:14-CR-604-3, 215 (VB) (S.D.N.Y.

Apr. 12, 2019). Martin filed a notice of appeal on April 18, 2019 (ECF 7:14-CR-604-3, 216), but

then voluntarily withdrew the appeal,[2] and the U.S. Court of Appeals for the Second Circuit

closed the matter on February 11, 2020. *See United States v. Martin,* Nos. 19-897, 19-1066 (2d

Cir. Feb. 20, 2020) (ECF 7:14-CR-604-3, 259).

By letter dated April 4, 2021,[3] Martin requested an extension of time to file a motion

under 28 U.S.C. § 2255 to set forth an ineffective-assistance-of-counsel claim. Martin claims he

---

[1]    Martin is also serving a consecutive 7-year sentence imposed in *United States v. Martin,*
ECF 1:14-CR-0546-2, 556 (VEC) (S.D.N.Y. Mar. 6, 2017).

[2]    Counsel for Martin signed the stipulation of withdrawal, to which Martin's written
authorization and instruction to voluntarily dismiss the appeal is attached. However, the reason
for the withdrawal is not set forth in the stipulation or Martin's authorization. *See* No. 19-1066,
86 (2d Cir. Feb. 11, 2020).

[3]    Under the prison mailbox rule, Martin's letter is deemed filed as of the date of the letter.
*See Johnson v. Coombe,* 156 F. Supp. 2d 273, 277 (S.D.N.Y. 2001) ("Although it is not clear
when the prisoner? gave his petition to prison officials, absent evidence to the contrary, the Court
assumes that the prisoner gave his petition to prison officials for mailing on the date he signed
it.") (quotation marks and alterations omitted).

rejected a favorable plea deal of "0 to 30 years" because his attorney did not clearly explain that the deal did not require Martin to cooperate with the government. Martin asserts that had he known about the offer, he would have accepted it. (ECF 7:14-CV-0604, 266, at 2-3). Martin alleges that he has been unable to file a Section 2255 motion before now because of prison transfers, periods of lockdown and punitive segregation, and other "disruptions" caused by the pandemic. (*Id.* at 6.) Martin seeks appointment of counsel and states that he also intends to file a motion for compassionate release.[4] (*Id.* at 3.)

**For the following reasons, the Court directs Martin to file an amended Section 2255 motion by no later than July 9, 2021.**

## STANDARD OF REVIEW

A prisoner in federal custody may bring a motion under 28 U.S.C. § 2255 attacking his conviction or sentence on the grounds that it violates the Constitution or United States law, was imposed without jurisdiction, exceeds the maximum penalty, or is otherwise subject to collateral attack. Under Rule 4(b) of the Rules Governing § 2255 Proceedings, the Court has the authority to review and deny a Section 2255 motion before directing an answer "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." Rules Governing § 2255 Proceedings, Rule 4(b); *see Acosta v. Nunez*, 221 F.3d 117, 123 (2d Cir. 2000). The Court is obliged, however, to construe *pro se* pleadings liberally and interpret them "to raise the strongest arguments they *suggest*." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations

---

[4]     To seek compassionate release, a defendant may file a motion in his criminal case under 18 U.S.C. § 3582(c). A district may reduce a defendant's sentence under § 3582(c)(1)(A) only if the defendant shows that "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i); *see also United States v. Ebbers*, 432 F. Supp. 3d 421, 426 (S.D.N.Y. 2020) (explaining that the defendant bears the burden of making this showing).

omitted) (emphasis in original); *see Green v. United States*, 260 F.3d 78, 83 (2d Cir. 2001).

Nevertheless, a *pro se* litigant is not exempt "from compliance with relevant rules of procedural

and substantive law." *Triestman*, 470 F.3d at 477 (citing *Traguth v. Zuck*, 710 F.2d 90, 95 (2d

Cir. 1983)).

## DISCUSSION

### A. Motion for an extension of time

In his letter, Martin asks for an extension of time to file a Section 2255 motion. District

courts may grant a request for an extension of time to file a Section 2255 <u>only</u> if the moving

party requests the extension <u>upon or after</u> filing an actual Section 2255 motion. *Green v. United*

*States*, 260 F.3d 78, 82-83 (2d Cir. 2001) (quoting *Smith v. McGinnis*, 208 F.3d 13 (2d Cir.

2000). The Second Circuit has held that "a federal court lacks jurisdiction to consider the

timeliness of a § 2255 petition until a petition is actually filed [,]" because prior to an actual

filing, "there is no case or controversy to be heard[.]" *United States v. Leon*, 203 F.3d 162, 164

(2d Cir. 2000) (*per curiam*). A motion for an extension of time may be construed as a

Section 2255 motion if it contains substantive habeas grounds. *See Green*, 260 F.3d at 83.

Here, the Court liberally construes Martin's April 4, 2021, letter as a Section 2255

motion, and the letter has been docketed as such. The Court now grants Martin leave to file an

amended motion under Section 2255 because he asserts a substantive *habeas* ground. The

amended motion must "specify all the grounds for relief which are available to [Martin]. . . set

forth in summary form the facts supporting each of the grounds thus specified." *Nelson v. United*

*States.*, 380 F. Supp. 2d 100, 103-04 (N.D.N.Y. 2005).

### B. Timeliness

A federal prisoner seeking relief under Section 2255 must generally file a motion within

one year from the latest of four benchmark dates: (1) when the judgment of conviction becomes

final; (2) when a government-created impediment to making such a motion is removed; (3) when the right asserted is initially recognized by the Supreme Court, if it has been made retroactively available to cases on collateral review; or (4) when the facts supporting the claim(s) could have been discovered through the exercise of due diligence. See 28 U.S.C. § 2255(f).

Here, Martin voluntarily withdrew his appeal on February 11, 2020, before it was adjudicated by the Second Circuit. The "issue of when a conviction becomes final after the voluntary dismissal of a direct appeal is not so easily resolved." *Grant v. United States*, No. 18-CV-01166, 2020 WL 7640938, at \*5 (W.D.N.Y. Dec. 23, 2020) (noting that the Second Circuit has not reached the issue, and that district courts in this Circuit have "reached conflicting results."). Because Martin voluntarily withdrew his appeal, it is not clear whether the instant Section 2255 motion is timely.[5]

Moreover, Martin concedes that he did not file his submission sooner because of transfers, periods of lockdown and punitive segregation, and other "disruptions" resulting from the pandemic. If the Court determines at a later stage that the motion is untimely, the Court may consider these circumstances as a basis for equitable tolling of the limitation period. *See Green v. United States*, 260 F.3d 78, 82 (2d Cir. 2001) (holding that extraordinary circumstances may warrant tolling the statute of limitations for § 2255 motions). Therefore, in his amended motion,

---

[5]    *See Grant*, 2020 WL 7640938, at \*6 (holding that the conviction "became final 90 days after the Second Circuit dismissed [the] appeal, notwithstanding the fact that [the movant] voluntarily stipulated to the appeal's dismissal."); *but see German v. United States*, 209 F. Supp. 2d 288, 292-93 (S.D.N.Y. 2002) (holding that the conviction became final 30 days after the Second Circuit dismissed the appeal because the movant did not "retain any right to seek to have the Supreme Court 'overturn' his own request to withdraw his appeal."). If Martin's conviction became final 90 days after the Second Circuit dismissed his appeal on February 11, 2020, his submission, dated April 4, 2021, is timely. Alternatively, if the conviction became final 30 days after entry of judgment on April 12, 2019, his submission is untimely.

Martin should reallege any facts showing that he has been pursuing his rights diligently and that some extraordinary circumstance prevented him from submitting his motion sooner.

## C. Motion for counsel

Martin moves for appointment of counsel. There is no constitutional right to counsel in *habeas corpus* proceedings. The Criminal Justice Act ("CJA") provides:

> Whenever the United States magistrate judge or the court determines that the interests of justice so require, representation may be provided for any financially eligible person who . . . is seeking relief under section 2241, 2254, or 2255 of title 28.

18 U.S.C. § 3006A(a)(2)(B).

In deciding whether to exercise its discretion to appoint counsel under the CJA, courts in this Circuit consider the same factors as those applicable to requests for *pro bono* counsel made by civil litigants. *See, e.g., Zimmerman v. Burge*, 492 F. Supp. 2d 170, 176 n.1 (E.D.N.Y. 2007) (citing *Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172 (2d Cir. 1989)); *In re Pizzuti*, No. 10-CV-0199, 2010 WL 4968244, at *1 (S.D.N.Y. Dec. 7, 2010). Those factors include the likelihood of success on the merits, the complexity of the legal issues and the movant's ability to investigate and present the case. *See Cooper*, 877 F.2d at 172; *Hodge v. Police Officers*, 802 F.2d 58, 61-62 (2d Cir. 1986).

The Court has considered these factors and finds that appointment of counsel is not warranted at this time. Accordingly, the motion for counsel is denied without prejudice to renewal at a later date, after relevant facts and legal issues are presented to the Court for its consideration.

## CONCLUSION

Martin is directed to file an amended motion under 28 U.S.C. § 2255, in which he should (1) present all his grounds for relief and any facts in support of each ground; and (2) provide any and all facts about his inability to file the motion sooner. The amended motion must be submitted to this Court's Pro Se Intake Unit by no later than July 9, 2021, be captioned as an "Amended Motion" and bear the same docket number as this order. A form entitled Amended Motion Under 28 U.S.C. § 2255 form is attached to this Order, which Martin shall complete as specified above. The Court will review any amended motion for substantive sufficiency and issue any necessary orders. An order to answer is not required at this time.

Because Martin has not at this time made a substantial showing of a denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to mail a copy of this Order to Martin at the following address:

Kareem Martin, Reg. No. 71374-054
U.S. Penitentiary Big Sandy
P.O. Box 2068
Inez, KY 41224

Dated: May 10, 2021
     White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge

**AMENDED**

## Motion to Vacate, Set Aside, or Correct a Sentence
## By a Person in Federal Custody

### (Motion Under 28 U.S.C. § 2255)

### Instructions

1.  To use this form, you must be a person who is serving a sentence under a judgment against you in a federal court. You are asking for relief from the conviction or the sentence. This form is your motion for relief.

2.  You must file the form in the United States district court that entered the judgment that you are challenging. If you want to challenge a federal judgment that imposed a sentence to be served in the future, you should file the motion in the federal court that entered that judgment.

3.  Make sure the form is typed or neatly written.

4.  You must tell the truth and sign the form. If you make a false statement of a material fact, you may be prosecuted for perjury.

5.  Answer all the questions. You do not need to cite law. You may submit additional pages if necessary. If you do not fill out the form properly, you will be asked to submit additional or correct information. If you want to submit a brief or arguments, you must submit them in a separate memorandum.

6.  If you cannot pay for the costs of this motion (such as costs for an attorney or transcripts), you may ask to proceed *in forma pauperis* (as a poor person). To do that, you must fill out the last page of this form. Also, you must submit a certificate signed by an officer at the institution where you are confined showing the amount of money that the institution is holding for you.

7.  In this motion, you may challenge the judgment entered by only one court. If you want to challenge a judgment entered by a different judge or division (either in the same district or in a different district), you must file a separate motion.

8.  When you have completed the form, send the original and two copies to the Clerk of the United States District Court at this address:

    Clerk, United States District Court for <u>Southern District of New York</u>
    Daniel Patrick Moynihan US Courhouse 500 Pearl Steet
    New York, New York 10007-1312

9.  <u>CAUTION:</u> You must include in this motion <u>all</u> the grounds for relief from the conviction or sentence that you challenge. And you must state the facts that support each ground. If you fail to set forth all the grounds in this motion, you may be barred from presenting additional grounds at a later date.

10. <u>CAPITAL CASES:</u> If you are under a sentence of death, you are entitled to the assistance of counsel and should request the appointment of counsel.

**AMENDED**

MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT
SENTENCE BY A PERSON IN FEDERAL CUSTODY

| United States District Court | District | |
|---|---|---|
| Name (under which you were convicted): | | Docket or Case No.:<br>21CV3268 and 14CR604-3 |
| Place of Confinement: | | Prisoner No.: |
| UNITED STATES OF AMERICA | Movant (include name under which you were convicted) | |
| v. | | |

### MOTION

1. (a) Name and location of court that entered the judgment of conviction you are challenging: _____
_____
_____
_____

(b) Criminal docket or case number (if you know): _____

2. (a) Date of the judgment of conviction (if you know): _____
_____

(b) Date of sentencing: _____

3. Length of sentence: _____

4. Nature of crime (all counts): _____
_____
_____
_____
_____
_____

5. (a) What was your plea? (Check one)

    (1) Not guilty ❑     (2) Guilty ❑     (3) Nolo contendere (no contest) ❑

(b) If you entered a guilty plea to one count or indictment, and a not guilty plea to another count
or indictment, what did you plead guilty to and what did you plead not guilty to? _____
_____
_____
_____

6. If you went to trial, what kind of trial did you have? (Check one)     Jury ❑     Judge only ❑

7. Did you testify at a pretrial hearing, trial, or post-trial hearing?     Yes ☐     No ☐

8. Did you appeal from the judgment of conviction?     Yes ☐     No ☐

9. If you did appeal, answer the following:

   (a) Name of court: _____

   (b) Docket or case number (if you know): _____

   (c) Result: _____

   (d) Date of result (if you know): _____

   (e) Citation to the case (if you know): _____

   (f) Grounds raised: _____

   _____

   _____

   _____

   _____

   _____

   _____

   (g) Did you file a petition for certiorari in the United States Supreme Court?     Yes ☐     No ☐

   If "Yes," answer the following:

   (1) Docket or case number (if you know): _____

   (2) Result: _____

   _____

   (3) Date of result (if you know): _____

   (4) Citation to the case (if you know): _____

   (5) Grounds raised: _____

   _____

   _____

   _____

   _____

   _____

   _____

10. Other than the direct appeals listed above, have you previously filed any other motions, petitions, or applications concerning this judgment of conviction in any court?

    Yes ☐     No ☐

11. If your answer to Question 10 was "Yes," give the following information:

    (a) (1) Name of court: _____

    (2) Docket or case number (if you know): _____

    (3) Date of filing (if you know): _____

(4) Nature of the proceeding: _____

(5) Grounds raised: _____

_____

_____

_____

_____

_____

_____

_____

_____

(6) Did you receive a hearing where evidence was given on your motion, petition, or application?     Yes ❑  No ❑

(7) Result: _____

(8) Date of result (if you know): _____

(b) If you filed any second motion, petition, or application, give the same information:

(1) Name of court: _____

(2) Docket or case number (if you know): _____

(3) Date of filing (if you know): _____

(4) Nature of the proceeding: _____

(5) Grounds raised: _____

_____

_____

_____

_____

_____

_____

_____

(6) Did you receive a hearing where evidence was given on your motion, petition, or application?     Yes ❑  No ❑

(7) Result: _____

(8) Date of result (if you know): _____

(c) Did you appeal to a federal appellate court having jurisdiction over the action taken on your motion, petition, or application?

(1)  First petition:          Yes ❑    No ❑

(2)  Second petition:     Yes ❑    No ❑

(d) If you did not appeal from the action on any motion, petition, or application, explain briefly why you did not: _____

_____

_____

12. For this motion, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the <u>facts</u> supporting each ground.


GROUND ONE: _____

_____

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

(b) **Direct Appeal of Ground One:**

    (1) If you appealed from the judgment of conviction, did you raise this issue?

        Yes ❑   No ❑

    (2) If you did not raise this issue in your direct appeal, explain why: _____

_____

_____

(c) **Post-Conviction Proceedings:**

    (1) Did you raise this issue in any post-conviction motion, petition, or application?

        Yes ❑ No ❑

    (2) If your answer to Question (c)(1) is "Yes," state:

    Type of motion or petition: _____

    Name and location of the court where the motion or petition was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(3) Did you receive a hearing on your motion, petition, or application?

Yes ❑  No ❑

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ❑  No ❑

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

Yes ❑  No ❑

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or

raise this issue: _____

_____

_____

_____

_____

GROUND TWO: _____

_____

(a) Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):

_____

_____

_____

_____

_____

_____

_____

_____

_____

**(b) Direct Appeal of Ground Two:**

    (1) If you appealed from the judgment of conviction, did you raise this issue?

        Yes ❑   No ❑

    (2) If you did not raise this issue in your direct appeal, explain why: _____

_____

_____

**(c) Post-Conviction Proceedings:**

    (1) Did you raise this issue in any post-conviction motion, petition, or application?

        Yes ❑   No ❑

    (2) If your answer to Question (c)(1) is "Yes," state:

    Type of motion or petition: _____

    Name and location of the court where the motion or petition was filed: _____

_____

    Docket or case number (if you know): _____

    Date of the court's decision: _____

    Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

    (3) Did you receive a hearing on your motion, petition, or application?

        Yes ❑   No ❑

    (4) Did you appeal from the denial of your motion, petition, or application?

        Yes ❑   No ❑

    (5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

        Yes ❑   No ❑

    (6) If your answer to Question (c)(4) is "Yes," state:

    Name and location of the court where the appeal was filed: _____

_____

    Docket or case number (if you know): _____

    Date of the court's decision: _____

    Result (attach a copy of the court's opinion or order, if available):_____

_____

_____

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue: _____

_____

_____

_____

_____

_____


GROUND THREE: _____

_____

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

(b) **Direct Appeal of Ground Three:**

    (1) If you appealed from the judgment of conviction, did you raise this issue?

        Yes ❑   No ❑

    (2) If you did not raise this issue in your direct appeal, explain why: _____

_____

_____

(c) **Post-Conviction Proceedings:**

    (1) Did you raise this issue in any post-conviction motion, petition, or application?

        Yes ❑   No ❑

    (2) If your answer to Question (c)(1) is "Yes," state:

    Type of motion or petition: _____

    Name and location of the court where the motion or petition was filed: _____

_____

    Docket or case number (if you know): _____

    Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(3) Did you receive a hearing on your motion, petition, or application?

    Yes ❑   No ❑

(4) Did you appeal from the denial of your motion, petition, or application?

    Yes ❑   No ❑

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

    Yes ❑   No ❑

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or

raise this issue: _____

_____

_____

_____

_____

GROUND FOUR: _____

_____

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

_____

_____

_____

_____

_____

_____

_____

_____

_____

(b) **Direct Appeal of Ground Four:**

    (1) If you appealed from the judgment of conviction, did you raise this issue?

        Yes ❑ No ❑

    (2) If you did not raise this issue in your direct appeal, explain why: _____

_____

_____

(c) **Post-Conviction Proceedings:**

    (1) Did you raise this issue in any post-conviction motion, petition, or application?

        Yes ❑ No ❑

    (2) If your answer to Question (c)(1) is "Yes," state:

    Type of motion or petition: _____

    Name and location of the court where the motion or petition was filed: _____

_____

    Docket or case number (if you know): _____

    Date of the court's decision: _____

    Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

    (3) Did you receive a hearing on your motion, petition, or application?

        Yes ❑ No ❑

    (4) Did you appeal from the denial of your motion, petition, or application?

        Yes ❑ No ❑

    (5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

        Yes ❑ No ❑

    (6) If your answer to Question (c)(4) is "Yes," state:

    Name and location of the court where the appeal was filed: _____

_____

    Docket or case number (if you know): _____

    Date of the court's decision: _____

    Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue: _____

_____

_____

_____

_____

13. Is there any ground in this motion that you have <u>not</u> previously presented in some federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them: _____

_____

_____

_____

_____

_____

_____

14. Do you have any motion, petition, or appeal <u>now pending</u> (filed and not decided yet) in any court for the judgment you are challenging?      Yes ❑   No ❑
If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised. _____

_____

_____

_____

_____

_____

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment you are challenging:
(a) At preliminary hearing: _____

_____

(b) At arraignment and plea: _____

_____

(c) At trial: _____

_____

(d) At sentencing: _____

_____

(e) On appeal: _____

_____

(f) In any post-conviction proceeding: _____

_____

(g) On appeal from any ruling against you in a post-conviction proceeding: _____

_____

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?    Yes ❑ No ❑

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?    Yes ❑ No ❑

(a)  If so, give name and location of court that imposed the other sentence you will serve in the future: _____

_____

(b) Give the date the other sentence was imposed: _____

(c) Give the length of the other sentence: _____

(d) Have you filed, or do you plan to file, any motion, petition, or application that challenges the judgment or sentence to be served in the future?    Yes ❑   No ❑

18. TIMELINESS OF MOTION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2255 does not bar your motion.*_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

-----------------------------

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2255, paragraph 6, provides in part that:

A one-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of —

(1) the date on which the judgment of conviction became final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making such a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Therefore, movant asks that the Court grant the following relief: _____
_____
_____

or any other relief to which movant may be entitled.


_____
Signature of Attorney (if any)


I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Motion under 28 U.S.C. § 2255 was placed in the prison mailing system on _____ _____ (month, date, year).


Executed (signed) on _____ (date).


_____
Signature of Movant

If the person signing is not movant, state relationship to movant and explain why movant is not signing this motion. _____
_____
_____


### IN FORMA PAUPERIS DECLARATION

_____
[Insert appropriate court]
* * * * *