Copies Mailed/Faxed 9-16-21
Chambers of Vincent L. Briccetti

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
KAREEM MARTIN,
   Petitioner,

              21 CV 3268 (VB)

v.

              14 CR 604-3 (VB)

UNITED STATES OF AMERICA,
   Respondent.
------------------------------------------------------------x

**ORDER RE: ATTORNEY-CLIENT PRIVILEGE WAIVER (INFORMED CONSENT)**

   WHEREAS petitioner Kareem Martin has moved for relief from his conviction pursuant to 28 U.S.C. § 2255 on the ground of ineffective assistance of counsel; and

   WHEREAS the government, after reviewing the motion papers, has concluded that the testimony of petitioner's former trial counsel, Mark S. DeMarco, Esq. ("Counsel"), will be needed in order to allow the government to respond to the motion; and

   WHEREAS the Court, after reviewing the motion papers, is satisfied that the testimony of Counsel is needed in order to allow the government to respond to the motion; and

   WHEREAS by making the motion, petitioner has waived the attorney-client privilege as a matter of law; and

   WHEREAS the Court is cognizant that, absent court order or informed consent, ethical concerns may inhibit Counsel from disclosing confidential information relating to a prior client even in the absence of a privilege, see, e.g., ABA Standing Comm. on Ethics and Prof. Responsibility Formal Op. 10-456 (July 14, 2010), Disclosure of Information to Prosecutor When Lawyer's Former Client Brings Ineffective Assistance of Counsel Claim,

   IT IS HEREBY ORDERED that Counsel shall give sworn testimony, in the form of an affidavit, addressing the allegations of ineffective assistance of counsel made by petitioner; and it is further

ORDERED that Kareem Martin execute and return to this Court **by no later than October 18, 2021**, the accompanying "Attorney-Client Privilege Waiver (Informed Consent)" form. If the document is not received by the Court by October 18, 2021, the Court will deny the Section 2255 motion, on the ground that petitioner failed to authorize the disclosure of information needed to permit the government to respond to the motion.

Chambers will mail a copy of this Order to petitioner Martin at the address on the docket in case no. 21 CV 3268 (VB).

Dated: September 16, 2021
White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------x
KAREEM MARTIN,                          :
              Petitioner,               :
                                        :        21 CV 3268 (VB)
v.                                      :
                                        :        14 CR 604-3 (VB)
UNITED STATES OF AMERICA,               :
              Respondent.               :
-----------------------------------------------------x
```

## **Attorney-Client Privilege Waiver (Informed Consent)**

To:   Kareem Martin

You have made a motion under Section 2255 of Title 28, United States Code, to have your conviction set aside on the ground that you received ineffective assistance from your former lawyer, Mark S. DeMarco, Esq. (referred to in this form as "your former attorney"). The Court has reviewed your papers and determined that it needs to have a sworn testimonial statement from your former attorney in order to evaluate your motion.

By making this motion, you have waived the attorney-client privilege you had with your former attorney to the extent relevant to determining your claim. This means that if you wish to press your claim of ineffective assistance, you cannot keep the communications between yourself and your former attorney a secret—you must allow them to be disclosed to the government and to the Court pursuant to Court order. The Court has already issued an Order (copy attached) ordering your former attorney to give such testimony, in the form of an affidavit. This Informed Consent form is designed to ensure that you fully understand and agree to this.

Specifically, if you wish to proceed with your motion to set aside your conviction on the basis that you received ineffective assistance of counsel, you must sign this statement and return it to the Court in the attached envelope (keeping a copy for your records). The form constitutes your authorization to your former attorney to disclose confidential communications (1) only in response to a Court order, and (2) only to the extent necessary to shed light on the allegations of ineffective assistance of counsel that are raised by your motion.

You should know that if you sign this authorization, you run the risk that your former attorney will contradict your statements about his representation of you. However, you should also know that the Court will deny your motion if you do not authorize your former attorney to give an affidavit in response to the Court's attached Order.

You must return this form, signed by you and notarized, by no later than October 18, 2021. If the Court does not receive this form, signed by you and notarized, by that date, the Court will automatically deny your motion.

NOTARIZED AUTHORIZATION

      I have read the Court's Order dated September 16, 2021, and this document headed Attorney-Client Privilege Waiver (Informed Consent). I hereby authorize my former attorney, Mark S. DeMarco, Esq., to comply with the Court's Order by giving testimony, in the form ordered by the Court, relating to my motion to set aside my conviction on the ground of ineffective assistance of counsel. This authorization allows my former attorney to testify only pursuant to Court order, and only to the extent necessary to shed light on the allegations of ineffective assistance of counsel that are raised by my motion.

_____
KAREEM MARTIN

Date signed: _____

Sworn to before me this \_\_\_\_\_ day of _____, 20\_\_\_

_____
Notary Public